# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MICHAEL P. PALYA, Jr., #359864 | * |
| Plaintiff | * |
| v | *     Civil Action No. PX-16-3669 |
| DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONAL SERVICES, WARDEN J. PHILIP MORGAN, STATE OF MARYLAND, | *    *    * |
| Defendants | |

\*\*\*

## MEMORANDUM OPINION

Pending before the Court is self-represented Plaintiff Michael P. Palya's Complaint filed pursuant to 42 U.S.C. § 1983. Complaint, ECF No. 1. Defendants, the Department of Public Safety and Correctional Services ("DPSCS"), Warden J. Philip Morgan and the State of Maryland, by their counsel, filed an unopposed Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. ECF No.14.[1]

The matter is ready for disposition and the Court now rules pursuant to Local Rule 105.6 because no hearing is necessary. For reasons stated below, Defendants' Motion to Dismiss IS GRANTED.

## BACKGROUND

Palya claims that he was subjected to "inhumane and untenable living conditions" at the Maryland Correctional Training Center ("MCTC") from November 1, 2015 through December 9, 2015. Palya asserts that the heat at MCTC was not working and that a windowpane was

---

[1] In accordance with the ruling in *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), a notice was sent to Palya informing him that he may file a response to Defendants' Motion and submit affidavits and exhibits in support of his Complaint. ECF No. 15. The Court also granted Palya's request for an extension of time to file an opposition. (ECF Nos. 16, 17). Palya has not filed an opposition and the deadline for filing has long passed.

missing from his cell window. As a result, he alleges that he suffered frostbite in his hands and feet, breathing problems, emotional anguish, anxiety, and post-traumatic stress disorder. ECF No. 1 at 6-7.

Palya states that he "summoned several correctional officers in what proved to be futile attempts to correct the deplorable and inhumane living conditions."[2] *Id.* at 5. Palya states these conditions led to a "riot" on December 9, 2015, after which Captain Lochman ordered mobile heaters set up on the tier and Officer Musher distributed plastic bags and cardboard to fashion make-shift window coverings. *Id.* at 6. Further, Palya alleges that Defendants removed several toilets in the housing unit, which caused raw sewage to leak into the housing units, compounding the health hazards. He asserts that due to the heating failure and delay in medical treatment, as of July 26, 2016, he was diagnosed as "frost bite damaged." *Id.* at 7.

Palya asks the Court to find Defendants' actions amount to willful and gross negligence. As relief, Palya asks for medical care for the rest of his life, compensation for lost wages, and damages in the amount of $2,500,000. *Id.* at 7.

## STANDARD OF REVIEW

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.,* 637 F.3d 435, 440 (4th Cir. 2011); *see Hall v. DirectTV, LLC,* 846 F.3d 757, 765 (4th Cir. 2017). Further, a pro se plaintiff's pleadings are "to be liberally construed" and are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see Alley v. Yadkin County Sheriff Dept.*, No. 17-1249, 698 Fed .Appx. 141, 2017 WL 4415771

---

[2] These officers, although identified, are not named as defendants.

(4th Cir. Oct. 5, 2017). However, even a pro se litigant's complaint must be dismissed if it does not allege a "plausible claim for relief." *Iqbal*, 556 U.S. at 679.

The Supreme Court of the United States explained a "plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Nonetheless, the complaint does not need "detailed factual allegations" to survive a motion to dismiss. *Id.* at 555. Instead, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 563. To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

"[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 563 (citing *Sanjuan v. Am. Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994)) (once a claim for relief has been stated, a plaintiff 'receives the benefit of imagination, so long as the hypotheses are consistent with the complaint').

**DISCUSSION**

To proceed under 42 U.S.C. § 1983, a plaintiff must allege a violation of a federal constitutional right or a right secured by federal law. *Baker v. McCollan,* 443 U.S. 137, 140 (1979). Further, the plaintiff must "show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). As a threshold matter, Palya does not allege Defendants' actions violated federal or state law. His claims of willful and gross negligence are causes of action arising under state, not federal, law. Even if Palya's claims were liberally construed to state an Eighth Amendment claim for unconstitutional conditions of confinement, however, the claims must be dismissed on the grounds of Eleventh Amendment immunity and because respondeat superior does not apply in §1983 actions.

**A. Eleventh Amendment Immunity**

Defendants argue they are entitled to dismissal because they are immune from suit for damages pursuant to the Eleventh Amendment of the United States Constitution. Under the Eleventh Amendment, states as well as their agencies and departments are immune from suits in federal court brought by their citizens or the citizens of another state. *See Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *see also Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70 (1989). "Under the Eleventh Amendment, 'a State cannot be sued directly in its own name regardless of the relief sought,' absent consent or permissible congressional abrogation. For the purposes of the Eleventh Amendment, a state official acting in his official capacity is protected from a damages action by the same immunity." *Ballenger v. Owens*, 352 F.3d 842, 844–45 (4th Cir.2003) (citations omitted). While the State of Maryland has waived its sovereign immunity for certain types of cases brought in state courts, see Md. Code Ann., State Gov't § 12-202(a), it has not waived its immunity under the Eleventh

Amendment to suit in federal court. Thus Palya's claims against the State of Maryland and its agency, DPSCS, are barred by the Eleventh Amendment.

With regard to Warden Morgan, Eleventh Amendment immunity analysis turns on whether an individual defendant is sued in his individual or official capacity. Suits against a state defendant in his official capacity are construed as suits against the office itself, and so sovereign immunity precludes suit. *Will,* 491 U.S. at 71. When a defendant is sued in his personal capacity a defendant enjoys no Eleventh Amendment protection. *Hafer v. Melo*, 502 U.S. 21, 22 (1991). Of import here, Palya does not specify whether he is suing Morgan in his official or individual capacity. To the extent Warden Morgan is sued in his official capacity, the claims against him will be dismissed.

### B. Respondeat Superior Liability

Liability under § 1983 turns on whether the complaint plausibly alleges a defendant's personal involvement in the alleged violation. *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977). The doctrine of respondeat superior[3] does not apply in § 1983 claims. *Love–Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004). Although Warden Morgan is named as a defendant in the caption of the complaint, Plaintiff makes no specific allegations against him. Although supervisory liability may attach under § 1983, Palya does not claim Morgan is liable on this basis. *See Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994) (For supervisory culpability it must be shown that a defendant had: (1) had actual or constructive knowledge that a subordinate was engaged in conduct that posed a pervasive risk of a constitutional injury; (2) the response to that knowledge was so inadequate as to show deliberate inference to or tacit authorization of the allege offensive practices; and (3) there was an affirmative causal link between defendant's

---

[3] Respondeat superior is a legal principle that holds an employer or principal strictly liable for the wrongful acts of an employee or agent based solely on the legal relationship between the parties.

inaction and the alleged constitutional injury.). Accordingly, the claims against Warden Morgan must be dismissed.

**CONCLUSION**

For these reasons, the Court will grant Defendants' Motion to Dismiss in a separate Order which accompanies this Memorandum Opinion.


January 11, 2018                              ___/s/_____
                                                             Paula Xinis
                                                              United States District Judge